### ALTERMAN v. WEIL et al.

(Supreme Court, Appellate Term, First Department.　June 24, 1913.)

ATTORNEY AND CLIENT (§ 29*)—AUTHORITY—DELEGATION.

A law clerk in the office of an attorney for the defendants in a personal injury action had no authority to bind the defendants by a promise to pay a specified sum in settlement of the action.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 42; Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Abraham M. Alterman, guardian ad litem of Freda Alterman, an infant, against Jonas Weil and others.　Judgment for plaintiff, and defendants appeal.　Reversed, and complaint dismissed.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Herrick C. Allen, of New York City (George W. Hurlbut, of New York City, of counsel), for appellants.

Henry Lieb, of New York City (Abraham Mann, of New York City, of counsel), for respondent.

SEABURY, J.　The plaintiff sues to recover $300 from the defendants.　It appears that the plaintiff, through her guardian ad litem, sued the defendants in the Municipal Court to recover damages for personal injuries.　The plaintiff claims that a clerk in the office of the attorney for the defendants offered $300 in settlement of the Municipal Court action.　Subsequently the defendant's attorney withdrew this offer, and the action was tried and the complaint dismissed.　After the dismissal of the complaint in the action in the Municipal Court, the present action was commenced.　The law clerk of the defendants' attorney was without authority to bind the defendants by any promise which he may have made to settle the action referred to.

As the judgment which the plaintiff has recovered rests entirely upon this alleged promise, it follows that it should be reversed, with costs, and the complaint dismissed, with costs to the appellant. All concur.